O'FARRELL *v.* LANDIS ET AL.

[Cite as *O'Farrell v. Landis,* 135 Ohio St.3d 190, 2013-Ohio-197.]

*Election contests—R.C. Chapter 3515—Motion to dismiss filed by county board of elections denied.*

(No. 2012-2151—Submitted January 24, 2013—Decided January 25, 2013.)

ON MOTION TO DISMISS.

_____

**O'CONNOR, C.J., in Chambers.**

**{¶ 1}** This cause originated in this court on the filing of an election-contest petition pursuant to R.C. 3515.08(B) by the contestor, Joshua O'Farrell. The election contest is in regard to the office of state representative for the 98th House District for the state of Ohio, held in the November 6, 2012 general election. O'Farrell, a Democrat, and contestee Al Landis, a Republican, were the candidates. In addition to the contestee, O'Farrell named the boards of elections of Tuscarawas and Holmes counties as respondents in the case.

**{¶ 2}** Respondent Holmes County Board of Elections moves to be dismissed as a party. The motion is denied for the following reasons.

**{¶ 3}** The board argues that because R.C. 3515.09 does not provide that a board of election is to be named as a party in an election contest, O'Farrell has "failed to state a claim upon which relief can be granted" against it.

**{¶ 4}** While the statute does define the contestor and the contestee in an elections contest, it does not explicitly state that the contestee is to be the only opposing party or prohibit the contestor from including other entities as parties.

**{¶ 5}** Moreover, R.C. 3515.09 also states that if the judgment is rendered against the contestee, "the county shall pay the costs as other election expenses are paid." Thus, while it does not explicitly include or exclude a county board of

elections as a party, the statute does make the *county* potentially liable for costs in an election contest. Therefore the board of elections—presumably the subdivision of Holmes County responsible for costs "as other election expenses are paid"—is an entity with a real interest in the litigation.

{¶ 6} The board is directly involved in this contested election, and if O'Farrell prevails, Holmes County may have to bear some of the costs of the contest. The case may therefore proceed with the board as a respondent.

Motion denied.

_____

McTigue & McGinnis, L.L.C., Donald McTigue, J. Corey Colombo, and Mark A. McGinnis, for contestor.

Taft, Stettinius & Hollister, L.L.P., W. Stuart Dornette, Donald C. Brey, and Beth A. Bryan, for contestee.

Ryan Styer, Tuscarawas County Prosecuting Attorney; and Crabbe, Brown & James, L.L.P., and Andy Douglas, Special Counsel, for respondent Tuscarawas County Board of Elections.

Steve Knowling, Holmes County Prosecuting Attorney, for respondent Holmes County Board of Elections.

_____